## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL GILYARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  CIV-11-22-D** |
| | ) | |
| **THOMAS GIBSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Michael Gilyard is a prisoner in the custody of the State of Oklahoma who has filed this action utilizing a form 42 U.S.C. § 1983 complaint and complaining of the use of excessive force and unreasonable search and seizure [Doc. No. 1].  His claims do not arise from his conditions of confinement but, rather, from the execution of an arrest and search warrant prior to his imprisonment.  *Id.* at sequential pp. 2 - 4.[1]  Defendants are an unnamed chemist with the Drug Enforcement Administration ("DEA"), *id.* at sequential p. 2, U.S. Postal Service worker Daniel Nevels, *id.* at sequential p. 3, and DEA agents Thomas Gibson, *id.* at sequential p. 1, Chris Gabeau, *id.* at sequential p. 3, and Jere Holt.  *Id.*

The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C); service of process was subsequently ordered [Doc. No. 12].  All Defendants then moved for dismissal pursuant to Fed. R. Civ. P.

---

[1]Because Plaintiff has inserted pages into the pre-numbered form complaint, citations are made to the pages as they now appear in sequential order.

12(b)(1) and 12(b)(6) [Doc. No. 26].  Plaintiff failed to respond to the dismissal motion or to show good cause for his failure to file a response, and the undersigned granted a *sua sponte* extension to respond to the motion to dismiss, cautioning Plaintiff "that failure to respond to the motion timely may result in the motion to dismiss being deemed confessed." [Doc. No. 27].  A letter was then received from Plaintiff stating that his facility had been on lock down and that he had been unable to access the law library; additional time to respond was requested as "we are just getting off lock down." [Doc. No. 28].  Additional time was granted [Doc. No. 29] but the only paper that has been filed by Plaintiff is a request for appointment of counsel "due to the extreme complexity of the matters anticipated in the pleading and trial of this cause of action." [Doc. No. 30].

**<u>Plaintiff's Complaint</u>**

Plaintiff maintains that U.S. Postal Inspectors, following a K-9 alert, detained and opened a package containing a liquid substance that field tested positive for PCP [Doc. No. 1, sequential p. 2].  The package was addressed to a Larry Joe Adams at an Oklahoma City address.  *Id.*  The following day, postal inspectors and agents of the DEA delivered the package to the stated address where Plaintiff answered the door, acknowledging that he was Larry Joe Adams and accepting the package.  *Id.*  Pursuant to a warrant, DEA agents and postal inspectors entered the residence, allegedly pointing their guns at the heads of Plaintiff, his girlfriend, his two-year-old daughter, and his cousin-in-law.  *Id.* at sequential pp. 2 - 3. Plaintiff contends that there was no threat to the officers and that "everyone in the residence complied with officer's request to lie down on the floor & no reports were given beforehand

2

that there were weapons in said residence or that anyone in the residence was a violent person." *Id.* at sequential p. 3.  He alleges that "the officers bodyslammed him to the floor upon their immediate entry into the home [and that he] wasn't even given a chance to explain to the officers that he a had a 'pick-line' in his right arm going into his vein & into his heart." *Id.*  Plaintiff claims that his "pick-line" was disrupted and that he was hospitalized for several days "in critical care, coming very close to the point of death."  *Id.*  He claims that the alleged excessive force resulted in permanent injuries, emotional distress, and anxiety.  *Id.*

In the sole count of his complaint, Plaintiff asserts violations of his constitutional rights as well as negligence, claiming that "[a]ll (5) defendants" used excessive force in their execution of the warrant, and "[t]hat all (5) defendants also violated Plaintiff's 4th Amendment rights to be free from unreasonable searches & seizures."  *Id.* at sequential p. 4.  Monetary and declaratory relief are sought.  *Id.* at sequential p. 6.

## Standard of Review and Matters Outside the Pleadings

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 555 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals

3

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

In conjunction with their motion, Defendants have presented matters outside the pleadings [Doc. No. 26, Exhibits 1 - 3]. These matters have been excluded from the undersigned's consideration of the motion. *See* Fed. R. Civ. P. 12(d).

## Analysis

While Plaintiff has filed his complaint on a 42 U.S.C. § 1983 form, his claim that he was damaged by certain negligent acts and constitutional violations committed by employees of the United States implicates, first, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671- 80 (2000).[2] Nonetheless, "[t]he United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 n.4 (10th Cir. 2001). Consequently, any claim by Plaintiff seeking to hold the individual Defendants liable for their alleged negligence in connection with Plaintiff's arrest should be dismissed with prejudice.

---

[2]Plaintiff's complaint makes specific reference to 28 U.S.C. §§ 2672 and 1346(b) [Doc. No. 1, sequential p. 2].

With respect to Plaintiff's constitutional claims, it appears, as Defendants maintain[3] [Doc. No. 26, p. 1], that Plaintiff has brought this action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  In *Bivens,*  the United States Supreme Court held that a "federal agent acting under color of his authority" may be liable for money damages when he engages in conduct that violates an individual's Fourth Amendment rights even though there is no federal statute expressly authorizing an award of damages. *Id.* at 389.  *Bivens* claims may be brought only against government officers in their individual capacities, not against the United States directly.  *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).[4] Accordingly, under *Bivens,* Plaintiff can state a cause of action against federal officials in their individual capacities for the commission of constitutional violations while acting under color of their authority.  Nonetheless, "[i]n a § 1983 suit or *Bivens* action . . . [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Iqbal,* 129 S.Ct. at 1949.

Plaintiff maintains that "[a]ll (5) defendants herein used excessive force in executing a state arrest/search warrant on Plaintiff causing personal injury" and "[t]hat all (5) defendants also violated Plaintiff's 4th Amendment rights to be free from unreasonable searches & seizures." [Doc. No. 1, sequential p. 4].  Plaintiff makes no claim, however, that

---

[3]As stated, Plaintiff has failed to respond with any objection to Defendants' motion.

[4]Moreover, any claims for money damages against federal officials in their official capacities are barred by the doctrine of sovereign immunity, as it is well established that federal employees sued in their official capacities are immune from a *Bivens* suit. *See, e.g., Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).

any Defendant made an unauthorized entry into his residence; he affirmatively pleads, in fact, that the "DEA agents then entered the residence *using a state arrest/search warrant* & arrested the subject that accepted the package and advised inspectors he was Adams." *Id.* at sequential p. 2, (emphasis added). Instead, Plaintiff's focus appears to be on the force that was allegedly used against him in the course of the arrest. In this regard, and as Defendants argue [Doc. No. 26, p. 10], the Supreme Court has determined that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor,* 490 U.S. 386, 395 (1989).

Defendants assert that Plaintiff's allegations are insufficient to state a claim for a Fourth Amendment violation under *Bivens* [Doc. No. 26, p. 11], arguing that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham,* 490 U.S. at 396 (citation and quotation marks omitted). Plaintiff does not plead, however, that he was pushed or shoved but, rather, that he was "bodyslammed . . . to the floor." [Doc. No. 1, sequential p. 3]. Moreover, Defendants construe Plaintiff's complaint to state that "[e]veryone but the Plaintiff complied with the request to lie on the floor." [Doc. No. 26, p. 11]. Another reasonable reading of Plaintiff's complaint, however, is that he was not given the opportunity to comply because he was "bodyslammed" upon Defendants "*immediate* entry into the home." [Doc. No. 1, sequential p. 3, emphasis added].

Nonetheless, as to the requisite personal participation of the five Defendants in the

alleged excessive force, Plaintiff makes no individualized allegations that either the unnamed DEA chemist Defendant nor Defendant Nevels – identified as a U.S. Postal Service Worker, *id.* at sequential p. 3, –  were involved in this or any other alleged constitutional violation. Moreover, as to the named DEA agents, Plaintiff's claims once again fall short.  Although he first pleads that it was DEA agents who entered the residence and, presumably, arrested him, *id.* at sequential p. 2*,* he then alleges in the next sentence of his complaint that "agents & inspectors entered Plaintiff's residence" and pointed guns and "bodyslammed him to the floor."  *Id.* at sequential p. 3.  In short, it is impossible to determine from Plaintiff's complaint who it is he claims violated his Fourth Amendment rights and in what manner.

Accordingly, it is recommended that Defendants' motion to dismiss Plaintiff's *Bivens* claim be granted but that Plaintiff afforded the opportunity to amend his complaint in order to state how each Defendant personally participated in the alleged violations.

## Pending Motion

Plaintiff has requested that counsel be appointed to assist him "due to the extreme complexity of the matters anticipated in the pleading and trial of this cause of action." [Doc. No. 30].  The undersigned, having given careful consideration to the circumstances of Plaintiff's case bearing on the need for counsel, *see Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir 1995), recommends that Plaintiff's request should be denied at this time without prejudice to its renewal if appropriate at some later time. The issues in this case are not complex, and Plaintiff's filings clearly demonstrate his ability to present his case to the court at this stage of the proceedings.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, it is the recommendation of the undersigned Magistrate Judge that Defendants' motion to dismiss [Doc. No. 26] be granted to the extent that any claim by Plaintiff seeking to hold the individual Defendants liable for their alleged negligence in connection with Plaintiff's arrest be dismissed with prejudice.  It is further recommended that Defendants' motion to dismiss [Doc. No. 26] Plaintiff's *Bivens* claim be granted but that Plaintiff be afforded the opportunity to amend his complaint in order to state how each Defendant personally participated in the alleged violations.  Finally, it is recommended that Plaintiff's request for appointment of counsel [Doc. No. 30] be denied at this time.

The parties are advised of their right to object to this Report and Recommendation by the 13th day of February, 2012  in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 23rd day of January, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE